HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. CR03-0002 RBL |
| v. | ORDER |
| JASON WILLIAM SADLER, | |
| Defendant. | |

THIS MATTER comes on before the above-entitled Court upon remand from the United States Court of Appeals for the Ninth Circuit pursuant to *United States v. Booker*, 125 S. Ct. 738 (2005) and *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005).

Having considered the entirety of the records and file herein, the Court rules as follows:

Mr. Sadler was sentenced on October 15, 2004 to 152 months (92 months plus 60 months consecutive pursuant to 18 U.S.C. § 924(c)) in the custody of the Bureau of Prisons. The sentence was based upon a plea agreement entered into by the defendant. Mr. Sadler now seeks re-sentencing under *Booker*. He argues that had the Court and the parties known that the United States Sentencing Guidelines were no longer mandatory but merely advisory, counsel could have argued more vehemently for a sentence which took into consideration Mr. Sadler's mental and emotional health, his dependence on drugs and alcohol, his family ties and responsibilities, and his lack of guidance as a youth. Armed with this information, Mr. Sadler argues, the Court would have sentenced him to a lesser term of incarceration.

The Court was very aware of Mr. Sadler's personal history. It read the materials submitted by defense counsel and numerous letters submitted on behalf of Mr. Sadler. [Transcript of Sentencing, p. 2, ll. 14-18, Dkt. #116] The Court clearly indicated that it was aware of, and concerned about Mr. Sadler's background. ("I can't imagine how I would have turned out had I grown up in the circumstances that you've had.") [Transcript, p. 18, ll. 5-7] Mr. Sadler received the benefit of this Court's concerns. Mr. Sadler was sentenced to the low-end of a guidelines range as calculated by his counsel, a range less than half of the range calculated by United States Probation and 18 months lower than calculated by the Government. The Court explicitly stated that it was holding Mr. Sadler to the benefit of his plea agreement, and further indicated that he "made the very best deal imaginable." [Transcript, p. 12 ll. 3-4] The Court made it clear that had Mr. Sadler gone to trial he would have been facing life in prison [Transcript, p. 10, l. 9], and that the Court was considering his counsel's recommendation "notwithstanding the fact that Mr. Sadler has worked very hard up until this point in his life to get as much time as this Court wanted to impose." [Transcript, p. 8, ll. 17-19]  The 152-month sentence imposed by this Court was a reasonable sentence under 18 U.S.C. § 3553(a) and the Court would not have imposed a different sentence had it been aware that the Sentencing Guidelines were merely advisory.

**IT IS SO ORDERED**.

The Clerk shall send uncertified copies of this order to all counsel of record, and to any party appearing pro se.

Dated this 30th day of March, 2006.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE